HAMBURG-BREMEN FIRE INSURANCE COMPANY v. JOHN L. RUDDELL.

Decided October 29, 1904.

**1.—Fire Insurance—Policy—Interest of Mortgagee.**

The insertion in a fire policy of a mortgage clause making the loss payable to the mortgagee does not constitute such privity of contract between the insurance company and the mortgagee as that the latter would not be precluded from a recovery upon the policy by an act of the mortgagor, such as setting fire to the property, in no way participated in by such mortgagee, unless there be a further stipulation specially exempting him and those claiming under him from the effect of the acts or defaults of the mortgagor.

**2.—Same—Proofs of Loss.**

Since it is not necessary, in case of a total destruction of the property that any proofs of loss should be furnished, it is immaterial that in such a case the proofs were furnished by the mortgagee instead of the insured.

**3.—Same—Unconditional Ownership.**

One to whom real estate has been sold and conveyed by bond for title, the vendor taking notes secured by vendor's lien for the purchase money, and such

purchaser being placed in possession, is the sole and unconditional owner of the property within the terms of a fire insurance policy.

Appeal from the County Court of Denton. Tried below before Hon. I. D. Ferguson.

*Alexander & Thompson, A. H. McKnight,* and *Andrew T. Baker,* for appellant.—1. The court erred in sustaining plaintiff's exception to that part of defendant's answer which alleged that if any fire occurred, the same was caused by E. D. Hokett, the assured in the said policy; because whatever rights the plaintiff had under the policy were derivative, and he was entitled to recover against the defendant only in the event that there was some loss under the policy, which, but for the clause therein making the loss, if any, payable to the plaintiff, as his interest might appear, would have been payable to and could have been collected by the assured. The rights of the plaintiff under the policy are contingent only; and any act or omission on the part of the assured which would avoid, terminate or affect his right to recover, would avoid, terminate or affect the plaintiff's right also. Swenson v. Sun Fire Office, 68 Texas, 461; Insurance Co. v. Willis, 70 Texas, 12; Hanover Fire Ins. Co. v. Bank, 34 S. W. Rep., 333; Hocking v. Insurance Co., 42 S. W. Rep., 451; Grosvenor v. Insurance Co., 17 N. Y., 391; Hale v. Insurance Co., 6 Gray, 169; Wunderlick v. Palatine Ins. Co., 80 N. W., 471; Van Buren v. Insurance Co., 28 Mich., 398; Franklin Ins. Co. v. Wolff, 54 N. E. Rep., 772; Moore v. Insurance Co., 36 N. E. Rep., 191; Insurance Company v. Johnson, 45 Pac. Rep., 431; Insurance Company v. Hamilton, 33 Atl. Rep., 429; 30 L. R. A., 633; Delaware Ins. Co. v. Greer, 61 L. R. A., 137; 120 Fed. Rep., 916; Holbrook v. Insurance Co., 49 Pac. Rep., 555; Smith v. Union Ins. Co., 120 Mass., 90; Brunswick Sav. Inst. v. Assur. Co., 68 Me., 313; Fitchburg Sav. Bank v. Insurance Co., 125 Mass., 431; Birdwell v. Insurance Co., 19 N. Y., 597; Weed v. Insurance Co., 22 N. E. Rep., 229; Monroe B. & L. Assn. v. Insurance Co., 24 So. Rep., 238; Reynolds v. Insurance Co., 60 Pac. Rep., 467; Sun Ins. Co. v. Association, 33 Atl. Rep., 962; Williamson v. Michigan Ins. Co., 57 N. W. Rep., 46; Keith v. Royal Ins. Co., 94 N. W. Rep., 295; Richmond v. Phoenix Ins. Co., 33 Atl. Rep., 786; Cloud County Bank v. Ins. Co., 49 Pac. Rep., 688; Antes v. State Insurance Co., 84 N. W. Rep., 412; Jaskulski v. Traders' Ins. Co., 92 N. W. Rep., 98; Franklin Sav. Inst. v. Insurance Co., 119 Mass., 240; Breeyear v. Insurance Co., 52 Atl. Rep., 860; Bates v. Insurance Co., 10 Wall., 33; Martin v. Insurance Co., 20 Am., 372; Fogg v. Insurance Co., 10 Cush., 346; Baldwin v. Insurance Co., 60 N. H., 164; State Ins. Co. v. Maachens, 38 N. J. L., 564; Perry v. Insurance Co., 61 N. Y., 214; Continental Ins. Co. v. Hulman, 92 Ill., 145; Griswold v. Insurance Co., 70 Mo., 654; Home Ins. Co. v. Hauslein, 60 Ill., 521.

2. When the loss, if any, under a policy of insurance is made payable to a third person as his interest may appear, the assured, and not the third party, must make and furnish the statement and proof of loss. Insurance Co. v. Shrader, 33 S. W. Rep., 584; Armstrong v.

Insurance Co., 29 N. E. Rep., 991; State Ins. Co. v. Maachens, 38 N. J. L., 565; Spooner v. Vermont Ins. Co., 53 Vt., 156.

3. The assured was not the sole and unconditional owner of the property insured within the meaning of the ownership clause of the policy. Fire Association v. Calhoun, 67 S. W. Rep., 153; Insurance Co. v. Nowlin, 56 S. W. Rep., 198. A want of sole and unconditional ownership of the property insured on the part of the assured was a bar to a recovery by the plaintiff. Swenson v. Insurance Co., 68 Texas, 461; Hanover Insurance Co. v. Bank, 34 S. W. Rep., 333.

SPEER, ASSOCIATE JUSTICE.—Appellee, J. L. Ruddell, recovered judgment against the appellant fire insurance company upon a policy of insurance issued by it to E. D. Hokett, insuring him against loss or damage by fire in an amount not exceeding $400 on a dwelling house and $200 on certain household and kitchen furniture, which policy contained the following stipulation: "Loss, if any, payable to J. L. Ruddell, as his interest may appear, on the first named item." To the petition of appellee the appellant answered, among other things, that the fire which destroyed the building insured was caused or procured by the assured, E. D. Hokett, for the purpose of collecting the insurance upon the property; that Hokett was not the sole and unconditional owner of the property, and that no proof of loss had been made, as required by the terms of the policy.

The first question demanding our notice, and the one of controlling importance in this case, is presented by the second assignment of error, complaining of the court's action in sustaining a special exception to that part of appellant's answer alleging that the property destroyed was burned by E. D. Hokett, the insured. We are not favored with a brief by the appellee in this cause, but his contention, and the trial court's view, doubtless is that the insertion in the policy of the mortgage clause quoted constituted such privity of contract between the insurance company and the mortgagee as that the mortgagee would not be precluded from a recovery on such policy by an act of the mortgagor, in no way participated in by him. But we are inclined to the view, both upon principle and the great weight of authority, that this is not the correct view of the contract. The contract proper is between the insurance company and the owner of the property, and the effect of the clause directing that the loss, if any, shall be payable to the mortgagee, is but to name or appoint that person as the party entitled to receive payment of the fund in the event a loss becomes payable under the terms of the policy. But whether or not any loss is payable at all is dependent entirely upon the performance of the terms of the contract between the insurer and the insured. The policy in this instance expressly stipulated that the same should be void in case of any fraud upon the part of the insured; and if it did not, a sound public policy would not permit him to recover by his own criminal act, and since the appellee must claim whatever rights he has through and by virtue of the mortgagor's contract, his claim also falls to the ground. Hocking v. Insurance Co., 42 S. W. Rep., 451; Scania Ins. Co. v. Johnson, 45 Pac. Rep., 431; Franklin Ins. Co. v. Wolff, 54 N. E. Rep., 772; Keith v. Insurance Co.,

94 N. W. Rep., 295; Delaware Ins. Co. v. Greer, 120 Fed. Rep., 916; 61 Law. Rep. Ann., 137, and authorities there cited. The cases authorizing a recovery by the mortgagee, notwithstanding the act or default upon the part of the insured which would preclude the latter's recovery, are usually cases in which the mortgage clause, unlike the present, contains a further stipulation specially exempting the mortgagee and those claiming under him from the effect of the acts or defaults of the mortgagor. In such case the recovery of course is still in accordance with and not contrary to the stipulations of the contract. American, etc., Ins. Co. v. Cowan, 34 S. W. Rep., 460; Hanover Fire Ins. Co. v. Bank, 34 S. W. Rep., 333; Breeyear v. Insurance Co., 52 Atl. Rep., 860.

Under the statute and decisions of this state it is immaterial in the present case that the appellee and not the insured furnished the proofs of loss. It appears that there was a total destruction of the property, and in such case it is not necessary that any proofs of loss whatever should be made. Continental Ins. Co. v. Chase, 33 S. W. Rep., 602. It can hardly be said that the appellee is in a worse position for having furnished the proofs than if none at all had been supplied. From this it of course follows that the court committed no error in admitting in evidence the proofs of loss made by appellee, and in refusing to instruct the jury to return a verdict for the appellant because of the failure of Hokett to make such proofs.

Neither do we find any error in the following charge of the court with reference to the ownership of the property within the terms of the insurance contract: "If you find and believe from the evidence that John L. Ruddell, the plaintiff, had sold and conveyed to E. D. Hokett the house and lot in controversy in this suit and taken the notes of Hokett, containing a vendor's lien on the property to secure the payment of the purchase money, and gave to Hokett his bond for title, to be executed upon payment of the purchase money, and delivered to the possession of said Hokett the house and lot, then you are instructed that Hokett would be the sole and unconditional owner of the property covered by the insurance policy." We think the facts, if found as indicated in the charge, would constitute Hokett the sole and unconditional owner of the property within the meaning of the policy. East Texas, etc., Ins. Co. v. Dyches, 56 Texas, 572; Queen Ins. Co. v. May, 35 S. W. Rep., 831; Liverpool, etc., Ins. Co. v. Ricker, 10 Texas Civ. App., 264; 31 S. W. Rep., 248; Merchants' Ins. Co. v. Nowlin, 56 S. W. Rep., 198; Fire Association of Philadelphia v. Calhoun, 28 Texas Civ. App., 409; 67 S. W. Rep., 153.

For the error of the court above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*