NORTHERN ASSUR. CO., LIMITED, OF LONDON, et al. v. MORRISON.

(Court of Civil Appeals of Texas. Dallas. Dec. 20, 1913. Rehearing Denied Jan. 10, 1914.)

1. INSURANCE (§ 621*)—ACTIONS ON POLICIES —TIME FOR BRINGING.

Under Rev. Civ. St. 1911, art. 4874, providing that a fire insurance policy in case of total loss shall be a liquidated demand against the company for the full amount thereof, except that this shall not apply to personal property, a provision of a policy that the sum for which the company was liable thereunder should be payable 60 days after due notice, ascertainment, estimate, and satisfactory proof of loss had been received by the company did not apply, where there was a total loss and a denial of liability, and suit could be brought on the policy without waiting 60 days; since in such a case no notice or proof of loss is required, and to apply such provision would make the time of payment indeterminate.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1542, 1543; Dec. Dig. § 621.*]

2. EVIDENCE (§ 148*) — COMPETENCY — TELEPHONE COMMUNICATION.

In an action by the assignee of an insurance policy, evidence was admissible that insured, in the presence of the witness, called the office of the insurer's agent on the telephone and told some person who answered that the policy and property covered thereby had been transferred and for him to make a note of it, though the witness did not know to whom insured was talking.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. § 148.*]

3. EVIDENCE (§ 123*) — DECLARATIONS OF THIRD PERSONS—RES GESTÆ.

Where insured, at the time of the transfer of a policy and property covered thereby, called the office of the insurer's agent on the telephone and told some person in the office of the transfer, evidence that he then told a witness that the policy was transferred, and that the matter would be agreed to by the agent, was not hearsay, but was admissible as a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 351–368; Dec. Dig. § 123.*]

4. EVIDENCE (§ 184*)—ACTIONS ON POLICIES— SUFFICIENCY OF EVIDENCE.

In an action on an assigned insurance policy, evidence as to the mailing of a letter by the assignee to the insurer's agent, telling him of the assignment, held sufficient to justify the admission in evidence of a copy of the letter.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 638–641; Dec. Dig. § 184.*]

5. TRIAL (§ 139*)—QUESTION FOR JURY.

Where there was evidence that a letter was mailed, whether it was received by the addressee, since deceased, was a question for the jury, though it could not be found among the addressee's papers.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

6. INSURANCE (§ 669*)—ACTIONS ON POLICIES —INSTRUCTIONS.

In an action on an insurance policy which provided that it should be void if any change took place in the interest, title, or possession of the property insured, or if the policy was assigned, unless otherwise provided by an agreement indorsed thereon or added thereto, an instruction that mere notification to the insurer of a transfer was not sufficient to change the character of the stipulation in the policy, that notification on the part of the insured, and assent thereto on the part of the insurer was required, and that if, notification was given by insured and received by the insurer, assent would be presumed, unless the insurer declined to accept the transfer so made, was correct and not erroneous, as placing the burden on the insurer to prove its nonconsent, nor contradictory.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1771–1784; Dec. Dig. § 669.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Hiram Morrison against the Northern Assurance Company, Limited, of

London, and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Crane & Crane, of Dallas, for appellants. Brooks & Worsham, of Dallas, for appellee.

RAINEY, C. J. This suit was brought by appellee to recover of appellant on a fire insurance policy in favor of James Day, and which policy was transferred by Day to appellee. The property covered was a dwelling which was totally destroyed. Plaintiff in his petition, alleged that on "the 24th day of April, A. D. 1911, by a notice in writing plaintiff duly notified the defendants and their agent at Dallas, Tex., of the transfer and assignment of said policy by said James Day to him [plaintiff], and in writing requested the defendants and their agents to make a written indorsement of said transfer and assignment of said policy on their said books; that thereafter plaintiff was not advised by defendant or their said agents that no notice of said transfer or assignment had been received by them, or that if same had been received, that the same had not been accepted, and that indorsement on its books had not or would not be made; and plaintiff says, by reason of their having received said notice and the request of said indorsement, and by reason of their having failed to notify the plaintiff that the same would not be done, they and each of them are estopped in law from asserting that no such notice of the transfer or assignment had been received, and that no such indorsement of such transfer and assignment had been or would now be made."

Appellant answered by general demurrer, general denial, and specially that, "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise, or if this policy be assigned before a loss." That, during the life of the policy, James Day did transfer and sell to plaintiff the property covered by the policy; that they neither consented to the transfer of the property nor the policy to plaintiff, whereby they pleaded that the policy became null and void because by said transfer the title and interest of insured was changed. They further aver they were not advised of this transfer until after the destruction of the property by fire. They therefore prayed that the plaintiff take nothing by suit.

A trial resulted in a verdict and judgment in favor of appellee for $1,200, and appellants present this appeal. There was a policy issued to cover the building, as alleged, against loss by fire. Said building was destroyed by fire and became a total loss. The policy was issued to James Day, the then owner. The property was duly transferred to the plaintiff, and he owned it when it burned. When the transfer was made, notice of said transfer was duly made by phone and by letter to the office of appellant, to which transfer appellant did not dissent. When notice of loss was given to the appellant's agency, liability on the policy was denied.

The first assignment complains of the action of the court in overruling appellant's general demurrer to plaintiff's petition because the suit was brought, as the demand was not due when the petition was filed.

[1] The policy stipulated that: "The sum for which this company is liable pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate, and a satisfactory proof of loss have been received by this company in accordance with the terms of this policy." The provision of the policy making the claim due 60 days after proof of loss is received by the insurance company became ineffective, because, under the statute, when a total loss occurs, the policy becomes a liquidated demand against the company for the full amount of such policy. In this character of case, where there is a valued policy and a denial of liability, no notice nor proof of loss is required, and the claim is due upon demand, and the insurer is not required to wait until 60 days after proof of loss has expired before he can bring his suit. Rev. Civ. St. 1911, art. 4874; Ins. Co. v. Chase, 33 S. W. 602; Ins. Co. v. Leaverton, 33 S. W. 579; Ins. Co. v. Ice Co., 64 Tex. 578; Ins. Co. v. Ruddell, 37 Tex. Civ. App. 30, 82 S. W. 826. To hold that the suit on the policy was premature would, in effect, be holding that it was necessary that proof of loss should be furnished under a valued policy before recovery could be had thereon. The provision that the policy is not to be due until 60 days after notice, etc., renders the time of payment indeterminate, unless the proof of loss is made and is therefore inoperative; hence the policy becomes due and payable on demand.

[2, 3] 2. The second error assigned is: "The court erred in permitting the witness Milam to testify substantially that James Day, on the sale of the property insured by him, to plaintiff, Morrison, called up, presumably, the agent of the defendant Northern Assurance Company, Limited, of London, England, and told said agent that he had transferred the property and had transferred the policy of insurance, and asked said agent to make a note thereof, and that he told the plaintiff substantially that the policy was transferred, and that the matter would be agreed to by the agent of the company, all of which will more fully appear by reference to bill of exception No. 1."

Two propositions are submitted under this assignment, 1st, that it was error to permit Milam to testify that Day had a conversation over the telephone with some person in ref-

erence to transferring the insurance, when he was unable to say who that person was; 2d, the declaration of Day to Milam as a result of the telephone conversation, to the effect that the defendant company would agree to the transfer, was hearsay and therefore incompetent. On the day James Day transferred the property and insurance policy to appellee Day, Morrison and Milam were together when Day, using Milam's telephone, called up the office of the appellant company, the agent being Mrs. Phipps, some one answered him whom he did not know, and Day stated to the person that the property and policy had been transferred, and for him to make a note of it; that Day then and there told Milam the substance of what was said to him over the telephone. We are of the opinion that the admission of Milam's testimony was not error. That Day was talking with some one in defendant's agent's office whom he did not recognize we think immaterial, and what Day said to Milam, under the circumstances, should not be considered as hearsay, but as part of the res gestae. Railway Co. v. Heidenheimer, 82 Tex. 195, 17 S. W. 608, 27 Am. St. Rep. 861; Ice Co. v. Dairy Co., 107 Md. 556, 69 Atl. 405, 16 L. R. A. (N. S.) 746; Bank v. Bank, 41 Tex. Civ. App. 392, 92 S. W. 441; Ins. Co. v. Wallace, 160 S. W. 1130, decided Nov. 8, 1913, by this court. Railway Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902.

3. What has just been said applies to assignment five of appellant, and it is overruled.

[4, 5] 4. The sixth assignment complains of the court for admitting in evidence a copy of a letter written February 24, 1911, by appellee to Mrs. Phipps, notifying her of the transfer of the property on February 23, 1911, because there was not sufficient evidence that the letter was properly addressed and mailed to Mrs. Phipps.

Mrs. Phipps was dead at the time of trial and, of course, could not testify. None of the employés in the office knew anything of the reception of the letter. Search was made among the files, and it was not found. Mrs. Phipps handled the mail at that time and might have received it. Emma Westinghouser, a stenographer who took the dictation from appellee, testified on direct examination: "I do not know whether I put this copy on the file or laid it aside with others and then filed it. The original letter was mailed. I cannot remember whether I mailed it or whether Mr. Morrison mailed it. I usually put up my mail if he was there to sign it; if not, I left it there for him to sign and he mailed it himself. This letter was addressed to Mrs. E. E. Phipps at the Northern Assurance Company, Dallas, Tex." On cross-examination, she testified on that point as follows:

"I am not sure whether I mailed this letter or whether I left it there for Mr. Morrison to mail. I nearly always took my letters and mailed them, but I do not remember whether I did in this instance or not. I nearly always mailed the letters that I wrote for Mr. Morrison, and I have no recollection of not having mailed this letter that I wrote for him." The appellee testified: "The only connection with reference to the insurance policy after that was a letter, which was written by my stenographer, the young lady that left the stand awhile ago. I dictated the letter to her. (Witness was handed a letter.) I have examined this letter thoroughly; I examined it before I turned it over to my lawyer some months ago. This is the identical copy of the letter that the stenographer wrote, the day after I paid them the cash for the property. After the letter was written it was mailed to the Northern Assurance Company. I always keep a copy of letters this way when I write them." The copy of the letter was properly admitted, and the question of a delivery of the letter or not to Mrs. Phipps was one of fact, and we think the court properly submitted it to the jury for determination. Opet v. Denzer, 93 S. W. 527; Ins. Co. v. Fields, 26 S. W. 280.

[6] 5. Complaint is made of the following portion of the court's charge: "The court erred in charging the jury in substance as follows: The court charges you that mere notification within itself is not sufficient to change the character of the stipulations written by defendant in its policy for the insured, James Day. The law requires notification on one side of the part of the insured and assent to said transfer on the part of the insurer. The court charges you that, if notification is given by the insured and received by the insurer, assent to said transfer will be presumed, unless the insurer or some one authorized to act for it declines to accept the transfer so made." The criticism of said charge is, first, it placed the burden on appellant to prove that it did not consent to the transfer of the policy; second, that it is contradictory in that in the first paragraph it tells the jury that notice is not sufficient to prove transfer unless assented to by the company, and the second advises the jury notice is sufficient, unless it be shown by the defendant that it did not consent. We are of the opinion that the criticism is not just, and that the charge embraces correct principles of law.

6. There are several assignments presented by appellant complaining of the court's charge, and its refusal of special charges. None of the assigned errors are well taken. The testimony supports the verdict, and the judgment is affirmed.