FIRE ASS'N OF PHILADELPHIA v. STRAYHORN. (No. 4-2697.)

Commission of Appeals of Texas, Section A. April 23, 1919.)

1. INSURANCE ⊙⟶493—FIRE INSURANCE—INDEMNITY CONTRACT—"TOTAL LOSS."

A contract of insurance is one of indemnity, the property owner to be indemnified against loss of the thing insured, that is, in case of a building, the building as such, and not the materials composing it, so that, to constitute a "total loss," it is not necessary that all the materials be physically destroyed.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Total Loss.]

2. INSURANCE ⊙⟶493 — FIRE INSURANCE — "TOTAL LOSS"—SUBSTANTIAL REMAINDER.

There can be no total loss of a building, within the meaning of a fire policy covering it, so long as a substantial remnant of the structure standing in place is reasonably adapted to use as a basis on which to restore the building to the condition in which it was before the injury.

3. INSURANCE ⊙⟶493 — FIRE INSURANCE — REMNANT OF BUILDING AVOIDING TOTAL LOSS.

Whether the portion of a building remaining after a fire is reasonably adapted for use as a basis on which to restore the building to its old condition, so that it can be determined there is no total loss under a fire policy, depends on whether a reasonably prudent owner, uninsured, desiring such a structure as the old building, would in proceeding to restore it utilize the remnant as a basis.

4. INSURANCE ⊙⟶661—FIRE INSURANCE—EVIDENCE.

In an action on a fire policy, evidence as to the value of the remaining walls of the building, or the comparative cost of reconstruction, using such walls, or building entirely anew, is admissible on the issue of total loss.

5. INSURANCE ⊙⟶669(12)—FIRE INSURANCE—RIGHT TO CHARGE ON TOTAL LOSS—ABSENCE OF EVIDENCE.

Absence of evidence by a fire insurer as to value of remnant of building and cost of reconstruction did not preclude the insurer's right to a correct charge on total loss, and submission of the issue whether a reasonably prudent owner, uninsured, desiring to reconstruct, would utilize the remnant as a basis therefor.

6. INTEREST ⊙⟶19(1)—"LIQUIDATED DEMAND."

A demand is "liquidated" to begin to carry interest when the amount due or to become due is fixed by law or by agreement between the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquidated.]

7. INSURANCE ⊙⟶598—FIRE INSURANCE—INTEREST ON LOSS—STATUTE.

Despite Rev. St. 1911, art. 4874, in an action on a fire policy providing loss should be payable 60 days after furnishing proof of loss, interest on the amount of the policy from the date of loss was improperly allowed; the parties having contracted that 60 days should be allowed the insurer before liquidation of the demand.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Joe Strayhorn against the Fire Association of Philadelphia. From judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which affirmed (165 S. W. 901), and defendant brings error. Judgment of the Court of Civil Appeals reversed, and cause remanded for new trial on recommendation of the Commission of Appeals.

Crane & Crane, of Dallas, for plaintiff in error.

Beall & Beall, of Sweetwater, and Perkins & Perkins, of Snyder, for defendant in error.

SONFIELD, P. J. Joe Strayhorn, plaintiff, brought this action against the Fire Association of Philadelphia, defendant, to recover on a fire insurance policy issued by defendant on a gravel roof concrete building in Snyder, the property of plaintiff, the policy of insurance being in the sum of $4,500, alleging that the building was totally destroyed by fire. Defendant denied that the building was a total loss.

There were other pleadings and questions raised with reference thereto, but in the view we take of the case we deem it unnecessary to consider these questions.

The cause was submitted to the jury on special issues, and upon its findings a judgment was entered in favor of plaintiff for the full amount of the policy, with interest there-

on from the 19th day of December, 1911, the date of the fire. On appeal the Court of Civil Appeals affirmed the judgment of the district court. 165 S. W. 901.

The building was of concrete, 75 feet front by 100 feet deep. It was constructed about four years before the fire. The evidence established that as a result of the fire the front wall had collapsed and fallen into the street, and that the north wall was in such condition that it could not be used in reconstruction. The interior was burned out. The east and west walls remained standing, but there is a conflict in the evidence as to their condition. Several of plaintiff's witnesses testified that the walls were totally destroyed and could not be utilized in rebuilding; while a witness for defendant, a contractor and builder, testified that these walls for a height of approximately 10 feet could be used as a basis upon which to restore the building to its condition before the fire. These walls originally were 100 feet long and about 21 or 22 feet high.

The court, among other issues, submitted to the jury the following:

"Was the concrete building owned by plaintiff and covered by the policy of insurance, in this case, a total loss by the fire of December 19, 1911?"

As bearing upon this issue, the court instructed the jury as follows:

"You are charged that a building is not considered a total loss by fire, so long as its identity as a building is left and so long as the remnant may be reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury. But it is a total loss, unless the remnant after the fire is of that substantial character that, if the same was restored or repaired, it would be considered the old structure and not a new building."

Defendant excepted to the foregoing paragraph of the charge as incorrectly stating when a building is not a total loss, and erroneously defining a total loss; and requested the following charge:

"In considering question No. 1 of the court's charge, you are instructed that there can be no total loss so long as the remnant of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury. Whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before the injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis."

Defendant requested submission of the following special issue:

"Would a reasonably prudent owner, uninsured, desiring such a structure as the concrete building was before the fire, in proceeding to restore it to its original condition utilize any part of either the east or west walls? If so, what portions of either the above, giving the dimensions?"

The court refused both the special charge and the special issue. Defendant assigned error to the court's refusal.

[1] A contract of insurance is one of indemnity. The property owner is to be indemnified against loss of the thing insured. The authorities are in agreement that a policy of insurance on a building has reference to the building as such, and not to the materials composing it. In order, therefore, to constitute a total loss, it is not necessary that all the materials entering into the building be absolutely and physically destroyed. As a result of this conception, or in its application, a rule was formulated and adapted by some of the courts to the effect that a total loss is sustained whenever the building has lost its identity and its specific character. Thus in the leading case of Williams v. Insurance Co., 54 Cal. 442, 35 Am. Rep. 77, the court approved the following charge:

"A total loss does not mean an absolute extinction. The question is, not whether all the parts and materials composing the building are absolutely or physically destroyed, but whether, after the fire, the thing insured still exists as a building. Although you may find the fact that after the fire a large portion of the four walls were left standing, and some of the iron work still attached thereto, still, if you find that the fact is that the building has lost its identity and specific character as a building, you may find that the property was totally destroyed within the meaning of the policy."

In Hamburg-Bremen F. Ins. Co. v. Garlington, 66 Tex. 103, 18 S. W. 337, 59 Am. Rep. 613, the court quoted with approval the above charge, and in Commercial Union Assur. Co. v. Meyer, 9 Tex. Civ. App. 7, 29 S. W. 93, the court approved a charge substantially following that in Williams v. Hartford Insurance Co., supra.

Royal Insurance Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, involved the admissibility of certain evidence as to the cost of repair and reconstruction of a building, the value of the building after the fire, of the materials uninjured, and of the parts of the building remaining that could be used in reconstruction. In order to a determination of the question, the court, in a notable opinion by Associate Justice Denman, reviewed at length the authorities with reference to total loss, concluding as follows:

"After a careful consideration of the question, we are of opinion that there can be no total loss of a building so long as the remnant of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury; that whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a

structure as the one in question was before injury, would, 'in proceeding to restore the building to its original condition, utilize such remnant as such basis."

The above rule has been approved and followed in practically every subsequent case in the various states, involving the question of total loss, limited, however, in its application to those cases where the remnant of the building remaining formed a substantial part of the original building. Providence Washington Insurance Co. v. Morgantown School District, 49 W. Va. 360, 38 S. E. 679; Kinzer v. Insurance Ass'n, 88 Kan. 93, 127 Pac. 762, 43 L. R. A. (N. S.) 121; Northwestern Mut. L. Insurance Co. v. Rochester-German Insurance Co., 85 Minn. 48, 88 N. W. 265, 56 L. R. A. 108; note 56 L. R. A. 788.

In almost every case applying the "identity" and "specific character" rule announced in Williams v. Ins. Co., supra, including the above-cited Texas cases and Murphy v. Am. Cent. Ins. Co., 25 Tex. Civ. App. 241, 54 S. W. 407, relied upon by plaintiff, there was, under the facts, substantially a total destruction of the building and, in those cases where a remnant of the building remained, such remnant was not a substantial part of the building. So that, as observed by the writer of the note in 56 L. R. A. 790, had the rule announced, in Royal Ins. Co. v. McIntyre been applied in those cases, the result would have been the same.

. The charge herein, in a measure, blends the two rules. Under it, there is no total loss where the identity of the building is preserved and a remnant adapted to reconstruction remains; the test being whether the reconstructed building would be considered the old structure or a new building. When does a building lose its identity or specific character? "In one sense the specific character of a building is destroyed when the roof is removed, or the interior burned out, and the balance of the structure is left intact; the damage being comparatively slight. The identity of a building is not destroyed if, from the ruins, the original is recognizable; and yet the damage may be complete, and the loss total." Northwestern Mut. L. Insurance Co. v. Rochester-German Insurance Co., supra. To adopt the identity rule would, as said by the court in Royal Insurance Co. v. McIntyre, supra, "Logically result in denying recovery for a total loss in a case where the exterior form of the building remains, though the interior be so damaged that the entire remnant of the structure is valueless as a basis upon which to restore the building to its original condition, and would permit a recovery for a total loss in a case where an inexpensive portion of the building has been destroyed, though the most valuable and substantial portion remains uninjured and capable of being utilized with great advantage in such restoration. To so hold would virtually be

211 S.W.—29

to abandon the principle of indemnity lying at the basis of all legitimate insurance and to hold out to the owner, instead thereof, a fair chance, if not an inducement to profit by the partial destruction of his property."

[2, 3] To test a total loss by whether the reconstructed building, in which the remnant is used, would be considered the old structure or a new building, is to open wide the domain of mere speculation, giving the jury no definite rule by which to reach a determination of the question. We conclude that there can be no total loss of a building so long as a substantial remnant of the structure, standing in place, is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury, and whether it is so adapted depends upon whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before the injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis.

[4, 5] No evidence was adduced as to the value of the remaining walls or the comparative cost of reconstruction, using such walls, or building entirely anew. Evidence of this character is admissible upon the issue of total loss and is potent in a determination thereof. The evidence as to the remaining walls and their condition was sufficient to raise the issue. The absence of evidence as to value of the remnant and cost of reconstruction did not preclude the right of defendant to a correct charge on total loss and submission of the issue whether a reasonably prudent owner, uninsured, desiring to reconstruct the building, would use the remnant as a basis for such reconstruction.

We are of opinion that the charge of the court is erroneous and that the special issue requested by defendant should have been submitted.

[6, 7] The court allowed interest on the amount of the policy from the date of the loss. The policy provided that the loss should be payable 60 days after the furnishing of the proof of loss. Such proof was filed by plaintiff on February 6, 1912. Defendant contends that interest should have been computed from April 7, 1912, 60 days after the filing of the proof of loss. The court of Civil Appeals, with reference to this matter, said:

"It appears to be the holding of the Courts of Civil Appeals that, where a building is destroyed, the amount is due when the loss occurred, and it will bear interest from that date. We shall not discuss any doubt that may be suggested by the interpretation of the policy, but shall regard the rule as settled by the courts until the Supreme Court shall hold otherwise, if the holding of the Court of Civil Appeals is not correct. Insurance Co. v. Chase, 33 S. W. 602; Insurance Co. v. Leverton, 33 S. W. 579; Insurance Co. v. Ruddell, 37 Tex. Civ. App. 30, 82 S. W. 826; Insurance Co. v. Ice Co., 64

Tex. 578; Insurance Co. v. Morrison, 162 S. W. 411."

In Continental Insurance Co. v. Chase, supra, it was held that the trial court correctly sustained a demurrer to a part of the answer of defendant insurance company, setting up failure on the part of plaintiff to make proof of loss within 60 days, as provided in the policy, because it was not averred that, by the terms of the contract, plaintiff's right to recover was forfeited by failing to comply within the time; that, if proofs of loss are furnished at any time before suit is filed, it is a sufficient compliance. The court held further that the demurrer was properly sustained because under Revised Statutes, art. 2971 (article 4874, R. S. 1911), the policy in case of total loss becomes a liquidated demand for the amount expressed on its face and no notice or proof of loss is necessary.

The article referred to reads as follows:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided, that the provisions of this article shall not apply to personal property."

The Chase Case was followed in Insurance Co. v. Leverton, and Insurance Co. v. Ruddell, supra.

In Northern Assur. Co. v. Morrison, supra, it was held that, in virtue of the above article of the statute, a provision in a policy that the sum for which the company was liable thereunder should be payable 60 days after proof of loss had been received by the company did not apply where there was a total loss and a denial of liability, and suit could be brought on the policy, without waiting the 60 days, since, in such case, no notice or proof of loss is required; and the policy becomes due and payable on demand.

In Insurance Co. v. Chase, supra, on application for writ of error, the Supreme Court concurred with the Court of Civil Appeals in holding that, inasmuch as there was no averment in the insurance company's answer that, by the terms of the policy, the making of the proof of loss within 60 days was a condition precedent to a recovery, the demurrer was properly sustained, but stated:

"We are not, however, prepared to say that the effect of the statute referred to in the opinion was to render such a provision, if it had been contained in the policy, nugatory. However that may be, the ruling upon that part of the answer should have been the same. We therefore find it unnecessary to pass upon that question."

That interest should begin from the date of the loss is based upon the holding, in the above-cited cases, that notice and proof of loss are rendered unnecessary under the statute.

In Queen Ins. Co. v. Ice Co., 64 Tex. 578. it was held that the evident purpose of the statute was to make the policies on real property, in cases of total loss, valued policies, without reference to stipulations contained in them which would give them a different character, but for the statute; and that by force of the statute when the loss is total the policy evidences a liquidated demand against the company. There is no intimation therein that the statute obviates the necessity of proof of loss, or that the policy becomes due and payable immediately upon the loss, despite any provision in the policy to the contrary. In that case the court definitely determined the question with reference to interest at issue herein:

"The policy provided that the loss should be paid within 60 days after proof of loss was furnished; but the court instructed the jury to give interest from the date of the loss, and this they did.

"The contract of insurance is one from which indemnity against loss is intended to be secured; but the parties to such a contract may by it determine what the indemnity shall be, and, in the absence of some law controlling the matter, effect must be given to their contract.

"They did contract in such manner that the sum to be paid may be ascertained, and they fixed a time at which it should be paid; and interest, prior to the date when payment of the sum found to be due under the policy, by its terms, should be paid, constitutes no part of the indemnity for which they contracted."

Under the statute, a policy in case of total loss (except as to personal property) becomes a liquidated demand. A demand is "liquidated" when the amount due or to become due is fixed by law or by agreement between the parties. The statute only fixes the amount, and in no manner affects the right of the parties to contract as to the due date of the amount so fixed. Notice and proof of loss provide the insurer data for investigation to determine whether liability exists. The provision fixing the date of payment 60 days after the filing of proof of loss affords insurer the time required for such investigation. These contractual provisions are reasonable and do not contravene the statute.

We conclude that, under the terms of the contract between the parties, interest should be computed from 60 days after the filing of the proof of loss.

We are of opinion that the judgment of the Court of Civil Appeals affirming the judgment of the district court should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is approved and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.

The holding on the interest question is in full accord with the decisions of this court. The latest determination of it is to be found in the opinion of Mr. Associate Justice Greenwood in the case of Delaware, etc., Insurance Co. v. Brock, 211 S. W. 779, this ·day decided.