## NATIONAL LIBERTY INS. CO. v. DANSBY.*
### (No. 8275.)

(Court of Civil Appeals of Texas. Galveston.
March 8, 1923. Rehearing Denied
April 12, 1923.)

Insurance ⬤═⇒493—House held a total loss,
within policy, though foundation uninjured.

Where a policy of insurance on a house did not mention the foundation as being within its terms, but, in a general clause intended to apply to a separate building while occupied as a private barn, the foundations were expressly included, only the superstructure of the house was covered, and in a suit on the policy for its full face value under Rev. St. art. 4874, exclusion of testimony as to the value of the foundation left standing after destruction of the house was not error.

Lane, J., dissenting.

Appeal from District Court, Brazos County; W. C. Davis, Judge.

Action by M. S. Dansby against the National Liberty Insurance Company. From judgment for plaintiff, defendant appeals. Affirmed.

Thompson, Knight, Baker & Harris and Geo. S. Wright, all of Dallas, for appellant.

Robert Armstrong and Henderson & Ranson, all of Bryan, for appellee.

GRAVES, J. This suit was brought by appellee, M. S. Dansby, against the National Liberty Insurance Company, to recover upon a policy of fire insurance for $5,000, issued by said company in favor of appellee, Dansby, upon his dwelling house.

The plaintiff alleged that his residence, so insured, was totally destroyed, and prayed for judgment for the full face of the policy under article 4874, Revised Statutes of Texas, which provides:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy."

The defendant answered by general demurrer and general denial, and specially pleaded that the building was not totally destroyed, but that it was only partially destroyed, under the statutes of Texas and the decisions of her courts, and that the plaintiff was only entitled to recover the damage actually done by the fire.

The policy sued upon provides that the company should only be liable for the actual cash value of the property destroyed by fire, not to exceed what it would cost to replace property of like kind and quality, in the event of a partial loss only.

The plaintiff testified that his house was destroyed by fire—completely destroyed,

burned to the ground; that there was no lumber left, nothing left but a pile of ruins.

T. B. Hubbard testified that he considered the house a total loss; that the concrete foundation above the ground was burned and cracked and crumbly clear down to the dirt; that there was nothing left that he, as a builder of many years, would consider as suitable to put back into the building if rebuilt.

J. B. Townsend testified that the only thing left of the house was a pair of steps that were not damaged.

The defendant insurance company offered to prove by the witness Townsend, experienced builder: First, that a reasonably prudent person who had no insurance and who desired to rebuild the building as it was before the fire, in rebuilding would use the foundation and steps as they existed after the fire. It also offered to prove that the foundation and concrete steps of the building were not damaged by fire; second, that a reasonably prudent owner without insurance, who desired to rebuild the building as it was before the fire, would use said foundation and steps in rebuilding and that the building could be replaced after the fire at a cost of not over $23,000; third, that said foundation was a substantial part of the building; and, fourth, that said foundation and steps in rebuilding said building, as it was before the fire, would have a reasonable value of $1,000. Upon objection urged by the plaintiff that such evidence was inadmissible, in that it was immaterial to any issue in the case, and in that the foundation of the building was not within the contemplation of the parties to the insurance contract at the time it was entered into and was not covered by the policy, and therefore cannot be considered in determining the question as to whether there was a total loss of said building, the court refused to permit the defendant to make such proof.

At the conclusion of the evidence, the court instructed the jury, which had been impaneled to try the cause, to return a verdict for the full sum sued for; whereupon such verdict was returned and judgment was accordingly rendered. From such judgment the National Liberty Insurance Company has appealed.

We have carefully examined all of appellant's assignments and overrule all of them without discussing them in detail except assignments 1, 4, 5, 6, and 9. The four first mentioned complain of the action of the court in rejecting the evidence offered to prove that the foundation had a value of $1,000, and that such foundation would be used by a reasonably prudent man, having no insurance, in rebuilding the building as it was before the fire; and the ninth, the last mentioned, complains of the instructed verdict. We conclude that, if the contention of the appellee that the foundation was not in contem-

---

⬤═⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 30, 1923.

plation of the parties to the insurance contract and should not be considered in determining the question as to whether there was a total loss of the building; that is, that the foundation was not covered by the policy of insurance is sound—then the judgment should be affirmed. We shall therefore confine our discussion to a decision of that question only.

We are indebted to Justice Lane for the very succinct statement of the case thus made. He differs with the majority of the court; however, upon the sole question so to be determined here, and will state his own views. The majority agree with the trial court that the foundation of the house in this instance was not within the contemplation of the parties to the insurance contract, and that in consequence the exclusion of the proffered evidence and the direction of the verdict did not constitute prejudicial error.

The policy itself made no mention of the foundation of the residence as being within its terms, the provision indicating what was intended to be covered being as follows:

"$5,000 on the two-story shingle roof frame building and additions attached thereto, including the heating and lighting apparatus and all permanent fixtures, while occupied by owner and not otherwise, as a dwelling and situated as follows."

But the printed form used—while that portion was inoperative in this instance because no amount was therein specified—contained a further general clause designed to apply to a separate building while occupied as a private barn, in which the foundations of that structure were expressly specified as being included. This omission of a like provision with reference to the dwelling house proper is in itself significant of a mutual understanding that the superstructure only was covered, it seems to us. We think the case falls within that portion of the rule thus stated by the Court of Civil Appeals at Dallas in Murphy v. Insurance Co., 25 Tex. Civ. App. 241, 54 S. W. 407:

"We are of the opinion that the court erred in instructing that the jury might consider the injury to the foundation, in reaching a conclusion as to a total loss. We think the weight of authority to be that, in making the contract for insurance, it was contemplated that the foundation would not be destroyed, but that the contract was entered into with reference to that portion of the structure above ground. O'Keefe v. Insurance Company (Mo. Sup.) 41 S. W. 922, and authorities cited."

In the O'Keefe Case, 140 Mo. 558, 41 S. W. 922, 39 L. R. A. 819, so cited by the Texas appellate court, the Missouri Supreme Court, in making a like holding, quotes with approval from the Supreme Court of Wisconsin as follows:

"In Lindner v. Insurance Co., 67 N. W. 1125, it was ruled by the Supreme Court of Wisconsin that, where the identity of a building as such has been destroyed by fire, it is a total loss, though some of its material may not have been entirely destroyed. In that case it appeared from the evidence of the adjuster that the foundation and cellar of the house were entire, and a portion of the sills stood upon the stonework, and it was argued that, because the foundation was intact and had not been broken into a shapeless mass, it was not 'a total loss.' But the court said this evidence would not prevent the case from being regarded as one of total loss. 'It was not expected that the foundation and cellar would be utterly destroyed.' * * * So clear, indeed, did it seem to the court, that it held that the circuit court might have properly given a peremptory instruction that it was a total loss."

We think this case distinguishable upon the facts from that presented in Insurance Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, so much relied upon by plaintiff in error. There a very substantial part of the structure above ground of the building itself remained, only the roof and east wall being burned, while here the only thing not burned up entirely was the concrete foundation and steps. Of course, in the ordinary application of those terms to everyday affairs, the foundation is as much a part of a building as the roof, or any other portion of it, but insurance policies constitute a special kind of contract—that is, one by which one of the parties agrees to indemnify the other against loss by fire of certain specific property they both understand to be the subject-matter of their agreement—and the meaning of the word "building" or "dwelling" in that setting depends upon what they mutually had in mind. It seems to us more consonant with common understanding and experience in such special transactions to hold that, in so insuring a residence against destruction by fire, the parties contemplate that the protection shall apply to the building as such, and not to the foundation in the ground upon which it rests. Nor do we understand the holding in the McIntyre Case to apply a different rule of interpretation. There was involved in that case no question affecting the foundation, and the Supreme Court stated the principle applicable to the state of facts obtaining as follows:

"There can be no total loss of a building so long as *the remnant of the structure standing* is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury."

The italics are our own, and the language they emphasize shows, as was before mentioned, that in that case there was a substantial remnant of the structure still standing above ground, and that the court had no reference to the foundation, which alone is here involved.

Likewise, when their facts are gone into, there appears no necessary conflict between

the Murphy Case and the holding of the Commission of Appeals, reversing the Court of Civil Appeals (165 S. W. 901) in Fire Association v. Strayhorn (Tex. Com. App.) 211 S. W. 447. Referring to the rule in the McIntyre Case, which we have just quoted, the Commission says:

"The above rule has been approved and followed in practically every subsequent case in the various states, involving the question of total loss, limited, however, in its application to those cases where the remnant of the building remaining formed a substantial part of the original building. * * * In almost every case applying the 'identity' and 'specific character' rule announced in Williams v. Insurance Company, supra, including the above-cited Texas cases, and Murphy v. Am. Cent. Insurance Company, 25 Tex. Civ. App. 241, 54 S. W. 407, relied upon by plaintiff, there was, under the facts, substantially a total destruction of the building and, in those cases where a remnant of the building remained, such remnant was not a substantial part of the building. So that, as observed by the writer of the note in 56 L. R. A. 790, had the rule announced in Royal Ins. Co. v. McIntyre been applied in those cases, the result would have been the same."

It thus appears that, as the concluding sentence quoted recites, the several cases referred to are not in real conflict, but are simply ruled by different states of fact. The subject is an interesting one, but the urge toward further discussion is resisted.

We conclude that the judgment of the court below should be affirmed; that order has accordingly been entered, with Associate Justice Lane dissenting.

Affirmed.

LANE, J. (dissenting.) The defendant insurance company had pleaded that the building insured was not totally destroyed, but that it was only partially destroyed, and therefore the plaintiff was not entitled to recover the full amount named in the policy, but only the damage actually done by the fire.

As shown by the majority opinion, the plaintiff, Dansby, testified that his house was completely destroyed, burned to the ground; that there was no lumber left; that there was nothing left but a pile of ruins; that T. B. Hubbard, for the plaintiff, testified that he considered the house a total loss; that the concrete foundation, above the ground, was burned and cracked and crumbled clear down to the dirt; that there was nothing left that he, as a builder of many years, would consider as suitable to put back into the building if rebuilt. J. B. Townsend, for the plaintiff, testified that the only thing left of the house was a pair of steps that were not damaged.

For the purpose of proving its material defensive allegation—that is, that the house was only partially destroyed—and to rebut the testimony of the witnesses of the plaintiff with reference to whether or not there was a total loss, the defendant offered to prove by the witness Townsend, an experienced builder of many years: First, that the foundation of the house and the concrete steps leading up to the floor of the building were not damaged by the fire; second, that said foundation and steps were substantial parts of the building, and that, in rebuilding said house as it was before the fire, they would have a reasonable value of $1,000; and, third, that a reasonably prudent owner, who had no insurance and who desired to rebuild the house as it was before the fire, would use said foundation and steps, and that by so doing the house could have been replaced in as good condition as it was before the fire, at a cost of $23,000. All this proffered testimony was, at the request of counsel for the plaintiff, rejected by the trial court, and the jury were instructed to return their verdict for the plaintiff. To this action of the court the defendant reserved its bill of exception.

The majority of this court holds, in effect, that, as the policy of insurance made no mention of the foundation of the house as being any part of the property insured, and does specifically mention the heating and lighting apparatus and all permanent fixtures as being covered thereby, it is evident that it was not intended by the parties to the contract of insurance that the policy would include the foundation.

With all due respect to my associates, to my mind such contention is extremely absurd. It could as well be contended that a policy, which in general terms insures a house, does not cover its metal roof and its stone, concrete, or brick chimneys and flues, because they were not specially mentioned as being covered by the policy.

The house burned in the instant case was insured for $35,000. The trial court permitted the insurer to offer testimony tending to show that it was totally destroyed by the fire, and refused to allow the insurer to show that there was a partial loss only, and that the house could have been restored to its former condition for $23,000. Under these circumstances I am justified in assuming that neither the trial court nor this court knew nor now knows the nature of the foundation of the destroyed house, its height above the ground, its condition after the fire, or its value after such fire. It follows, then, that they could not know whether a reasonably prudent person, who had no insurance and who desired to rebuild the house as it was before the fire, would, in rebuilding, use said foundation as it was after the fire.

The Supreme Court of this state, in the case of Royal Insurance Company v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, in speaking of the term a "total loss" as that is used in the total loss statute of this state, said:

*"There can be no total loss so long as a substantial remnant of the structure standing in place is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury, and whether it is so adapted depends upon whether a reasonably prudent owner uninsured desiring such a structure as the one in question was before the injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such a basis."*

In the present case the plaintiff in error did not merely offer evidence to show the value of the foundation, and that a reasonably prudent man would use such foundation in rebuilding the building, but it offered to prove by an experienced contractor that such a prudent owner, in rebuilding, would use the foundation, and in addition thereto two sets of large stone steps which were undamaged by the fire. Plaintiff in error further offered to prove that such steps and such foundation were a substantial remnant of the structure insured, and that they had a reasonable value in the rebuilding of the building of $1,000. I think that this testimony offered by the plaintiff in error comes directly within the rule laid down by the Supreme Court of this state in the McIntyre Case.

I respectfully dissent from the holding of the majority that the foundation of a house cannot be considered as a part of a building in determining the question of a total loss, unless it is specifically mentioned as being covered by the policy insuring the building. Under such holding, if a building, including the foundation, has a reasonable value of $20,000 to $25,000 and the value of the foundation, say of concrete 6 feet above the ground, is $4,000, the insurance company would be precluded from showing that the foundation was undamaged by the fire, and that it could and would be used by a reasonably prudent owner in reconstructing or replacing the building.

Because of the error of the trial court in rejecting the proffered testimony with reference to the foundation of the insured building and its value, I think the judgment of the trial court should be reversed, and the cause remanded.