## GLENS FALLS INS. CO., et al. v. ROGERS et al.

### No. 912.

Court of Civil Appeals of Texas. Eastland.

Nov. 13, 1931.

See also 33 S.W.(2d) 465.

Thompson, Knight, Baker & Harris, of Dallas, for appellants.

Oxford & McMillan, of Stephenville, for appellees.

FUNDERBURK, J.

The appeal is from a judgment in a case consisting of two suits that were consolidated in the court below. Recovery was adjudged in favor of Mrs. Glen Rogers and Hyman Muffson, a minor, represented by Mrs. Glen Rogers as his guardian, against Glens Falls Insurance Company, upon a policy for $1,500 and against New York Underwriters Insurance Company upon a policy for $500. The judgment awarded a recovery based upon a special verdict, finding a total loss of the insured property which was a house situated upon a lot in the town of Stephenville.

Appellants, by appropriate assignments of error and propositions, present for our decision the question of whether or not the undisputed evidence showed that there were remnants of the building claimed to have been totally destroyed, remaining after the fire, reasonably adapted for use in restoring the building to the condition in which it was before the fire occurred. In other words, the question is whether or not there was any evidence to support the finding of the jury of a total loss of the building. Our inquiry may perhaps be somewhat facilitated by first considering the legal principles which are deemed applicable and controlling. Royal Insurance Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 1074, 35 L. R. A. 672, 59 Am. St. Rep. 797, settled the law in this state to be that "there can be no total loss of a building so long as the remnant of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury." As a test for establishing the existence of such a state of facts, the same opinion declared: "Whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis." How would the rule thus declared be applied in a case where there was one or more remnants adapted for use as a basis upon which to restore the building, but which were of inconsiderable value, or of a relatively un-

substantial portion of the entire building? This question seems to have been settled by the opinion of the Court of Civil Appeals in Murphy v. American Central Insurance Co., 25 Tex. Civ. App. 241, 54 S. W. 407, 410, where, upon a finding that the remnant of the burned building was, under the evidence, inconsiderable, compared with the part entirely destroyed, it was held that such remnant did not constitute a sufficient basis upon which to restore the burned building. The court expressed the opinion that, for a remnant of a burned building to be reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury, "it must be a substantial portion of the building remaining standing, fit for use."

The last-named case has been regarded as declaring a modification to the holding in Royal Insurance Co. v. McIntyre, supra, which modification has been recognized by the Supreme Court in Fire Association of Philadelphia v. Strayhorn, 211 S. W. 447, 449, wherein the rule as thus modified is stated as follows: "We conclude that there can be no total loss of a building so long as a *substantial* [italics ours] remnant of the structure, standing in place, is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury." Under this rule, even where the undisputed evidence may show that there existed a remnant of the building reasonably adapted for use as a basis upon which to restore the building, if it was of very little value or importance compared to the value of the entire building, there might still be a total loss. And of course, if the evidence was not so conclusive one way or the other as to make it a question of law, there would be presented a question of fact to be determined by the jury. The Supreme Court of Minnesota, partly upon the authority of Murphy v. American Central Insurance Co., supra, held in Northwestern Mutual Life Ins. Co. v. Rochester German Ins. Co., 85 Minn. 48, 88 N. W. 265, 56 L. R. A. 108, that what such substantial part is, is a question of fact depending upon the nature and cost of the structure and the character and condition of the remaining parts. In keeping with the same principle, in Hartford Fire Ins. Co. v. Dorroh, 63 Tex. Civ. App. 560, 133 S. W. 465, 469, in reply to a contention that, because some part of the foundations of the destroyed building was used in a new building there was evidence that the loss was only partial, it was answered that, "the extent and value of the parts so used are not shown." In St. Paul, etc., Ins. Co. v. Laster (Tex. Civ. App.) 187 S. W. 969, 970, it was said: "Some of the witnesses stated that inconsiderable portions of the framework were left standing, and some that portions of the foundation remained. Neither fact, however, would, under article 4874, Vernon's Sayles' Civil Stats., [article 4929, R. S. 1925]

render the house any the less a total loss, and hence a liquidated demand."

In appraising the evidence, therefore, to determine whether the undisputed evidence shows, as a matter of law, that the loss in question was not total, it is only necessary, upon the present record, to consider whether the remnants of the building were conclusively shown to be substantial and whether it was conclusively shown that a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before the injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis. Unless the evidence upon these two points was of such a conclusive nature that only one reasonable inference could be drawn from same, and that inference that there was no total loss, then the trial court pursued the correct course by submitting the question of total loss to the jury.

■ We conclude that upon both these points the evidence raised issues of fact and not of law. If the evidence showed that there were any remnants of the building reasonably adapted for use as a basis upon which to restore the building, it either showed that such remnants were comparatively inconsiderable when compared to the portions of the building destroyed, or, if not, at least raised an issue of fact as to whether same constituted a substantial portion of said building.

■ Upon the other point we are somewhat inclined to the view that the undisputed evidence showed, when tested as required by law, that the remnants remaining were not reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury. We need not, however, determine whether such be the case, for it is sufficient to support the judgment if the evidence raised an issue of fact. The evidence showed that the building was worth about $2,500 and that the portions remaining were worth about $100. The witness Bryan Hale, a carpenter, contractor, and builder, looked over the building with a view to buying the portions remaining, and he testified that he found the building pretty badly burned all throughout. As a builder and carpenter he testified that, in his opinion it was not reasonably practicable to use the remnants as a basis for rebuilding a house like it stood before. He repeated this judgment several times, based upon a minute inquiry into the facts as he found them. It is true he did testify that it would have been possible to use portions in rebuilding the house, but his entire evidence clearly shows that he was of opinion that it was not advisable to do so, and that, if it was a personal matter with him, he would not do so.

We have therefore reached the conclusion that by this particular contention no error is shown.

■ We are also of opinion that the evidence of total loss was sufficient to support the verdict of the jury, and hence that the court did not err in overruling a motion for new trial upon that ground.

■ Appellants' fourth assignment of error is as follows: "The judgment is excessive as to interest in that interest is made to begin to run from an erroneous date." This was one of the grounds urged by appellants in their motion for new trial. By appellants' proposition submitted under said assignment it is contended that the judgment should not have provided that it bear interest from the particular date of September 17, 1929. It is insisted that the interest should have been decreed to begin from the date of the filing of appellants' answer, which was December 8, 1929. Appellee, in reply, has offered to file a remittitur of the excess of interest claimed.

We are therefore of opinion that the judgment should be reformed so as to provide for interest at the legal rate from December 8, 1929, and that as so reformed the judgment of the trial court should be affirmed.