### J. G. WRIGHT v. HARTFORD FIRE INSURANCE COMPANY.

Decided February 13, 1909.

**1.—Contract—Fire Insurance—Incumbrance—Breach.**

A policy of insurance against fire and lightning contained a stipulation that the policy should be void "if the interest of the assured be or become other than the entire, unconditional, unencumbered and sole ownership of the property;" the assured sold the property reserving a lien to secure part of the purchase money, and assigned the policy to the vendee with the consent of the insurance company indorsed on the policy in the following terms: "The insurance company within named hereby consents that the interest of (the assured) in the within policy be assigned to (the vendee) subject to all the terms and conditions therein mentioned and set forth." There was no evidence that the insurance company had notice of the vendors lien reserved on the property. The property was afterwards destroyed by lightning. Held, the existence of the lien on the property at the time it was destroyed invalidated the policy.

**2.—Same—Distinction between Stipulations.**

Cases considered, and a distinction drawn between policies of insurance stipulating that the title or ownership of the assured should be "entire, unconditional and sole" and policies which inhibit an incumbrance.

**3.—Same—Same.**

No distinction can be made between the conditions in a policy of fire insurance against an incumbrance of the "interest" of the assured, and an incumbrance of the "subject" of the insurance.

Appeal from the District Court of Howard County. Tried below before Hon. Jas. S. Shepherd.

*L. A. Dale,* for appellant.—The existence of a vendor's lien on the property insured does not make the interest of the assured other than

the entire, unconditional, unincumbered and sole ownership thereof, as required by the terms of the policy. Liverpool & London & Globe Ins. Co. v. Ricker, 10 Texas Civ. App., 264; Hamburg-Bremen Fire Ins. Co. v. Ruddell, 82 S. W., 826; Queens Ins. Co. v. May, 35 S. W., 831; Merchants' Ins. Co. v. Nowlin, 56 S. W., 198; Ellis v. Insurance Co., 32 Fed., 646; Fire Association of Philadelphia v. Calhoun, 28 Texas Civ. App., 409; De Armand v. Home Ins. Co., 28 Fed., 603; Dolliver v. Insurance Co., 128 Mass., 315; 35 Am. Rep., 378; Franklin Fire Ins. Co. v. Crockett, 75 Tenn., 725; Dohn v. Farmers' Joint Stock Ins. Co., 5 Lans. (N. Y.), 27.

Where an insured in a fire policy has a pecuniary interest in the property insured, equal or greater than the insurance, it is not material to the risk that another person has an interest in the property or that the assured does not own the absolute title. 2 Joyce on Insurance, sec. 895; Ib., 928; Hartford Fire Ins. Co. v. McClain, 85 S. W., 699; Cal. Ins. Co. v. Union Express Co., 133 U. S., 387; Phoenix Fire Ins. Co. v. Hamilton, 14 Wall. 504; Continental Fire Ins. Co. v. Whitaker & Dillard, 79 S. W., 119.

*Wm. Thompson, J. B. Littler* and *J. M. Wilson,* for appellee.—The existence of a vendor's lien on the property is such an encumbrance as comes within the terms of the policy providing that the policy shall be void if the interest of the assured be or become other than the entire, unconditional, *unencumbered* and sole ownership of the property. Hanover Fire Insurance Company v. National Exchange Bank, 34 S. W. 333; Insurance Company of N. A. v. Wicker, 93 Texas, 390; Aetna Insurance Company v. Holcomb, 89 Texas, 404; Guinn v. Phoenix Insurance Company, 31 S. W., 566; American Central Insurance Company v. Cowan, 34 S. W., 460; Curlee v. Texas Home Fire Insurance Company, 31 Texas Civ. App., 471; Hays v. United States Fire Insurance Company, 44 S. E. 404.

CONNER, CHIEF JUSTICE.—Appellant sued upon a policy of insurance acquired by him for damages in the sum of nineteen hundred and fifty dollars done to his dwelling by lightning. The policy by its terms was to become "void" if, among other things, "the interest of the assured be or become other than the entire, unconditional, unincumbered and sole ownership of the property." Appellee in addition to the general denial, pleaded the quoted provision of the policy in defense, and it appearing upon the trial from the undisputed proof that at the time of the alleged destruction of the property there existed thereon an unsatisfied valid vendor's lien to secure the aggregate sum (excluding interest and attorneys' fees) of sixteen hundred and fifty dollars, the court peremptorily instructed a verdict for appellee and, upon the return of such verdict, judgment was entered accordingly.

The undisputed evidence shows that the policy, which contained the provision we have quoted above, was made to one S. E. Davis on the 1st day of November, 1906, insuring the said Davis for the period of three years against loss by fire or lightning upon the property in controversy; that on July 29, 1907, S. E. Davis, joined by his wife, conveyed the property to appellant for a total consideration of five thou-

sand dollars, of which sixteen hundred and fifty dollars was evidenced by two promissory notes, each for the sum of eight hundred and twenty-five dollars, executed by appellant, payable to the order of S. E. Davis, on or before April 23, 1908 and 1909, respectively, each bearing interest from date until paid at the rate of ten percent per annum, stipulating that all past due interest should bear interest from maturity until paid at the rate of ten percent per annum, and that a failure to pay either note or any installment of interest when due should, at the election of the holder, mature both notes; that if placed in the hands of an attorney for collection, collected by suit or through the probate court, ten percent additional on the principal and interest should be paid as attorneys' fees. To secure the two notes thus described the vendor's lien upon the property conveyed was expressly retained in the deed. The deed was duly acknowledged by S. E. Davis on August 14, 1907, and by his wife on the 9th day of September, 1907, upon which last-named day the deed was duly recorded. Davis assigned the policy to appellant with appellee's consent given in the following terms, as appears by indorsement upon the policy: "The insurance company within named hereby consents that the interest of S. E. Davis in the within policy be assigned to J. G. Wright, subject to all the terms and conditions therein mentioned and set forth. Dated at Big Springs, Texas, the 3d day of August, 1907. George D. Lee, Agent."

There is no evidence that appellee had notice of the lien so shown, and the only material question presented on this appeal is whether the facts invalidated the policy and authorized the peremptory instruction. Numerous authorities have been cited to the effect that a policy of insurance is not voided by a lien on the subject matter of the insurance by reason of a provision that "if the interest of the assured be or become other than the entire, unconditional, and sole ownership of the property." See Liverpool & London & Globe Ins. Co. v. Ricker, 10 Texas Civ. App., 264; Hamburg-Bremen Fire Ins. Co. v. Ruddell, 82 S. W. 826; Queen Ins. Co. v. May, 35 S. W. 831; Merchants' Ins. Co. v. Nowlin, 56 S. W., 198; Fire Association of Phil. v. Calhoun, 28 Texas Civ. App., 409; De Armand v. Home Ins. Co., 28 Fed., 603; Ellis v. Insurance Co. of North America, 32 Fed., 646; Dolliver v. St. Joseph Ins. Co., 128 Mass., 315, 35 Am. Rep., 378; Franklin Fire Ins. Co. v. Crockett, 75 Tenn., 725; Dohn v. Farmers' Joint Stock Ins. Co., 5 Lans. (N. Y.), 275. These authorities proceed on the theory that such condition has reference alone to the status of the title, and that the title or ownership, whether legal or equitable, is none the less "entire, unconditional and sole," merely because of an incumbrance on the subject matter of the insurance. None of the cases, however, that we have examined construe a provision of a policy which, as here, inhibits an incumbrance, and we fail to find any just ground upon which to avoid the force of a contract of insurance as the parties saw fit to make it. It was not shown, as in one of the cases cited, that at the time of appellee's consent to the transfer its agent had notice, either actual or constructive, of the existence of the lien. On the contrary, such consent was expressly made "subject to all the terms and conditions" of the policy as made to Davis,

If the provision under consideration could be construed as a representation merely, it can hardly be said that the representation was immaterial to the risks contemplated by the policy, and that therefore the policy should be upheld. In 1 Wood on Fire Ins. (2d ed.), section 345, it is said that: "Where the policy specially provides that any 'incumbrance' shall invalidate it, of course a mortgage operates as a breach." And in the case of Curlee v. Texas Home Fire Ins. Co., 31 Texas Civ. App., 471, it was held in an opinion by Judge Key of the Third Supreme Judicial District, that a vendor's lien avoided a policy of insurance which contained a provison to the effect "that this entire policy shall be void if the subject of insurance, or any part thereof, be or become incumbered by mortgage or otherwise." A writ of error was refused in this case by our Supreme Court, and it would seem to be conclusive here, save that appellant insists that in the policy before us the condition is against an incumbrance of the "interest" of the assured instead of the "subject" of insurance, as in the case cited. It seems difficult, however, to make the distinction urged available here. Appellant's "interest" in the property insured, considered in the sense of title or ownership merely, was constituted by the property itself. It might be entirely extinguished by successive alienations of the several estates that might be carved out of the property, or might be wholly lost by excessive or successive mortgages. Within the meaning of the policy, as shown by the authorities first cited by us, appellant had the entire, unconditional and sole ownership, notwithstanding the existence of the vendor's lien, but no method of incumbering such title or interest for the payment of debt occurs to us other than to incumber the property so owned. In East Texas Fire Ins. Co. v. Clarke, 79 Texas, 23, it was held that a mortgage on certain property constituted a conveyance of an "interest" therein within the conditions of the policy. In Hicks v. Farmers' Ins. Co., 71 Iowa, 119, it was held that: "A condition in a fire insurance policy issued to a firm, that property should not afterwards be in any manner incumbered, was violated by the execution of a mortgage by one of the partners on his undivided one-third interest in the property, and by a judgment against him which became a lien on his said interest." In other words, these decisions seem to treat the interest in property and the property itself as convertible terms, although we have been unable to find any case either for or against the precise distinction appellant has urged.

On the whole we conclude that under the undisputed facts the court's peremptory instruction was proper, and that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.