### CONTINENTAL INS. CO. v. SCOTT.
(No. 2180.)

(Court of Civil Appeals of Texas. Amarillo. June 27, 1923. Rehearing Denied Oct. 3, 1923.)

**1. Evidence ⬤═➤425—Parol evidence admissible to show deed a mortgage when ownership collaterally involved.**

In action on fire policy defended on grounds of insured's lack of unconditional ownership and change in title and interest after issuance of policy, as ownership was only collaterally involved, parol evidence was admissible to show insured's deed was a mortgage.

**2. Insurance ⬤═➤328(7)—Deed given as mortgage does not avoid policy.**

Deed given as mortgage did not avoid fire policy, providing that it should be void, if insured's interest was other than unconditional and sole ownership, or if any change of interest, title, or possession should take place.

**3. Insurance ⬤═➤668(5) — Testimony held to raise issue for jury, and support finding that deed was a mortgage.**

In action on fire policy defended on grounds of insured's lack of unconditional ownership, and of change in interest or title, testimony of insured and his grantee that deed was executed as mortgage justified submission of this issue, and sustained finding in accordance therewith, though insured's wife, who joined in the deed, did not testify, her concurrence being inferable where husband conducted the negotiations.

**4. Insurance ⬤═➤653—Testimony as to notice held admissible as tending to show deed a mortgage.**

In action on fire policy, testimony as to notice to insurance agents of interests of insured's grantee *held* admissible to show construction placed thereon by the parties when there was no cause for any misrepresentation, as tending to sustain contention that deed was intended as mortgage.

**5. Appeal and error ⬤═➤1048(1)—Judgment not reversed because material testimony not responsive to question.**

Judgment will not be reversed because answer of witness containing material testimony was not responsive to question, since, if objection had been sustained, question calling for such answer could have been asked.

**6. Appeal and error ⬤═➤1050(1)—Admission of evidence held harmless when evidence ample.**

In action on fire policy where evidence amply sustained conclusion that conveyance by insured was intended as mortgage, and there was no contrary evidence except inference from the deed, admission of letter written insurance company by its local agent *held* harmless.

**7. Insurance ⬤═➤624(2)—Assignment of less than total insurance under two policies held not to prevent suit by insured.**

Where total insurance on building under two policies issued by same agents aggregated $1,500, notice to agents by insured that he had assigned $800 thereof, which was more than amount of either policy, was not assignment in toto of either, and did not prevent suit by insured in his own name.

Error from Wichita County Court; Guy Rogers, Judge.

Action by H. T. Scott against the Continental Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error.

Wilson & Williams, of Wichita Falls, for defendant in error.

BOYCE, J. H. T. Scott brought this suit against the Continental Insurance Company on an insurance policy issued by the company to him, insuring a certain dwelling house against loss and damage by fire. The policy provided that it should be void if the interest of the insured in the property "be other than unconditional and sole ownership or if any change take place in the interest, title or possession of the insured." The defense of the insurance company was that plaintiff was not at the time of the fire such owner of the property, and that a change had taken place in his interest and title after the issuance of the policy. In support of this plea the defendant introduced in evidence a warranty deed executed by Scott and wife after the issuance of the policy and before the fire, by the terms of which they conveyed the property to S. Heyser. The plaintiff then offered evidence to show that the deed was executed as a mortgage for the purpose of securing Heyser in the payment of certain indebtedness. In response to a special issue the jury found that the deed referred to "was intended by the parties thereto as security for a debt due and owing S. Heyser." Judgment was for the plaintiff.

---

⬤═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Numerous propositions are based on the contention that the plaintiff could not, without pleading, offer parol evidence to show that the deed was other than what it purported on its face to be. This evidence consisted of the testimony of Scott and Heyser that the deed was given to secure a debt owing by Scott to Heyser; that Scott and his wife continued to occupy such premises as a home, paying no rent thereon; that Heyser paid no taxes on the property, etc. We overrule these propositions. The suit was not to recover title to the property. Its ownership was collaterally involved. The existence of the deed and its contents were not in dispute. We take it that defendant, under his general plea that plaintiff had parted with his title, could have proven the same by parol evidence. The defendant did not specially plead the execution of the deed. It no doubt had the right to introduce the deed in evidence in support of its general plea of change of ownership, and while it made a prima facie showing thereof by the introduction of the deed, we see no reason to doubt that plaintiff would, under such circumstances, have the right to show the true nature and effect of the deed, and that it did not work a change in his ownership of the property. Campbell v. Peacock (Tex.Civ. App.) 176 S. W. 776–777 (8–11); I. & G. N. Ry. Co. v. Lynch, 99 S. W. 160; Oaks v. West (Tex. Civ. App.) 64 S. W. 1035(5); Dooley v. McEwing, 8 Tex. 306, 308.

[2] If the deed is a mortgage, then the policy was not avoided thereby. Alamo Fire Insurance Co. v. Lancaster, 7 Tex. Civ. App. 677, 28 S. W. 126; Wright v. Hartford Fire Insurance Co., 54 Tex. Civ. App. 6, 118 S. W. 191; Insurance Co. v. O'Bannon, 109 Tex. 281, 206 S. W. 814, 1 A. L. R. 1407.

[3] We think the court correctly submitted the concrete issue of fact which would determine the question as to a change in the ownership of the property as pleaded by defendant. The testimony of Scott and Heyser as to the purpose of the execution of the deed amply sustains the finding that it was the intention of the parties thereto that the deed should operate as a security. Mrs. Scott was not a necessary witness to establish such fact. Her concurrence in the understanding between her husband and Heyser may be inferred, as the husband was conducting the negotiations with Heyser. Brewster v. Davis, 56 Tex. 478, and Nagle v. Simmank, 54 Tex. Civ. App. 432, 116 S. W. 862, cited by appellant, are not in our opinion in point here.

[4, 5] The testimony to the effect that Heyser and Scott gave notice before the fire to the insurance company's agents of Heyser's interest in the property and that he had "loaned Scott the money" was, we think, admissible as tending to sustain the contention that the deed was intended as a mortgage. It was evidence of the construction that the parties themselves placed on the instrument at a time when there was no cause for any misrepresentation of the matter. The fact that Heyser's answer containing this testimony was not responsive to the question asked him ought not to reverse the case. The testimony was not given by deposition; the witness was personally examined on trial, and if the court had sustained the objection, a question calling for such answer would no doubt have been promptly asked.

[6] We are inclined to think that the letter of October 21, 1921, written by the insurance company's local agent at Wichita Falls, to its Dallas office after the fire, was not admissible. It is hard to tell just what this letter means. It is about as favorable to defendant as to plaintiff. The evidence amply sustains the conclusions that the conveyance was intended as a mortgage; in fact, there is no evidence to the contrary, except the inference that is to be drawn from the deed itself. We think the admission of the evidence was harmless.

[7] The defendants introduced in evidence an order signed by plaintiff, Scott, directed to the local agents of the insurance company, reading as follows:

"The insurance covering my house, recently destroyed by fire, you are authorized to pay to S. Heyser, the sum of $800 covering the same, as I hereby assign and have assigned to him that portion of the insurance."

The policy sued on was for $750, and appellant claims that this instrument had the effect of assigning Scott's entire interest in the claim to Heyser, so that Scott could not sue thereon. The plaintiff's evidence indicates that he had $1,500 total insurance on the building; that he had another policy, and that both policies were taken out through the same local agents to whom this order was addressed. The order mentioned would not be an assignment in toto of either one of the claims. Under these conditions Scott might maintain the suit on the policies in his own name. Cleveland v. Heidenheimer, 92 Tex. 108, 46 S. W. 30; T. W. Ry. Co. v. Gentry, 69 Tex. 625, 8 S. W. 101; City of San Antonio v. Reed (Tex. Civ. App.) 192 S. W. 553. Affirmed.