## RIO GRANDE NAT. LIFE INS. CO. v. HARDWARE DEALERS MUT. FIRE INS. CO. et al.

### No. 5842.

Court of Civil Appeals of Texas. Amarillo.

March 1, 1948.

Rehearing Denied March 29, 1948.

William M. Bates, of Dallas, for appellant.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, for appellees.

STOKES, Justice.

On July 21, 1944, Richard W. Valentine purchased a lot and residence located in the city of Dallas paying therefor a consideration of $6,250, of which amount $1,250 was paid in cash and the balance was evidenced by a note in the sum of $5,000, executed by Valentine and payable to the appellant, Rio Grande National Life Insurance Co. The note was secured by a vendor's lien and, as additional security, Valentine executed a deed of trust on the property. On July 25, 1944, the appellees, Hardware Dealers Mutual Fire Insurance Company and Mutual Implement and Hardware Insurance Company, jointly issued to Valentine a policy of fire insurance on the residence in the sum of $5,000, to remain in force for a term of three years. Attached to the policy was what is commonly known as the Standard Mortgage Clause, the substantial portion of which was as follows:

"Loss or damage, if any, under this policy, shall be payable to the following named mortgagee(s) or trustee(s), as their interest may appear:

"First: Rio Grande National Life Insurance Company Address, Rio Grande Building, Dallas, Texas

"This policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title or possession of the property, nor by any increase of hazard; Provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same; and Provided further that the mortgagee (or trustee) shall notify this Company of the commencement of foreclosure proceedings, and of any notice of sale relating to the property, and of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, the same shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for any increased hazard; * * *.

"Failure upon the part of the mortgagee (or trustee) to comply with any of the foregoing obligations shall render the insurance under this Policy null and void as to the interest of the mortgagee (or trustee)."

On October 18, 1944, Richard W. Valentine and his wife sold and conveyed the property to W. L. Culp for a consideration of $7,075.38, of which $1,000 was paid in cash, $1,135 was evidenced by a second vendor's lien note and the balance consisted of the assumption by Culp of the note and liens held by the appellant. Culp and his family immediately went into possession of the property and continued to occupy it as their place of residence until May 26, 1946, when the residence was totally destroyed by fire. Although appellant was informed of the change in ownership of the property from Valentine to Culp immediately after it occurred, no notice thereof was given to appellees, the insurance companies, and they did not know it had taken place until after the property had been destroyed by fire. It is stipulated in the agreed statement of facts that the hazard was not increased by such change. Notice of the fire was duly given and proof of loss made and presented to appellees and they denied liability upon the ground that no notice had been given to them of the sale and transfer of the property by Valentine to Culp.

The indebtedness held by appellant against the property was payable in monthly installments and, default having been made in the payment of some of them, the entire note was declared due and placed in the hands of an attorney who filed this suit for the balance of $4,283.61, due thereon. Valentine, Culp and the insurance companies were made parties defendant, appellant seeking judgment against Valentine and Culp upon the note and against appellees upon the policy of insurance issued by them.

The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of appellant against Valentine and Culp but denying it any recovery against appellees upon the insurance policy. Appellant duly excepted to the judgment, gave notice of appeal and perfected its appeal to the Court of Civil Appeals of the Fifth District at Dallas. By order of the Supreme Court equalizing the dockets of the Courts of Civil Appeals, the case was transferred to this court and is now before us for review.

Appellant contends the court erred in holding that its right to recover against the appellees was forfeited by its failure to notify them of the change in ownership of the insured property from Valentine to Culp, especially since it is admitted the insurance hazard was not increased by such change. In support of the contention, appellant asserts that the Standard Mortgage Clause attached to the policy of insurance is void and of no force or effect because it is in conflict with the provisions of Art. 4931, Vernon's Annotated Civil Statutes. It asserts that the statute not only fails to authorize the use of the Standard Mortgage Clause in fire insurance policies, but positively forbids the use of any

portion of such clause except that which is provided in the statute, namely, "This policy, as to the interest therein of said payee, as mortgagee only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest title or possession of the property, nor by any increase of hazard."

We are unable to discern any conflict between the statute and the Mortgage Clause. Indeed, the latter contains the essential features of the statute. The body of the policy contained provisions to the effect that, subject to the provisions of Art. 4890, Revised Civil Statutes, the policy should be void if, before a fire occurred, the insured should obtain or receive information that foreclosure proceedings had been commenced; or that notice had been given or posted of sale of any property covered by the policy by virtue of any mortgage or trust deed; or if any change other than by the death of the insured, should take place in the interest, title or possession of the subject of the insurance (except change of occupancy without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise; or if the policy should be assigned before loss. Before the Standard Mortgage Clause came into existence, policies of insurance upon property covered by mortgage usually contained, or had indorsed upon them, what is termed the Open Mortgage Clause, which merely provided that the loss, if any, should be payable to the named mortgagee as his interest might appear, or words of similar import. It was the universal holding of the courts that under such a provision the mortgagee was merely an appointee of the mortgagor to collect the proceeds of the policy and apply them to the debt. Whether or not the proceeds could be collected at all depended entirely upon performance of the contract by the insured owner. Hamburg-Bremen Fire Ins. Co. v. Ruddell, 37 Tex. Civ.App. 30, 82 S.W. 826. The mortgagee's indemnity was subject to the acts or neglect of the mortgagor. If the latter violated any provision of the policy, the mortgagee could not recover even though he was not responsible for such acts and knew nothing about them. Under the law, as so announced by the courts, mortgagees were placed at great disadvantage. Their security under policies of insurance was precarious and uncertain. Syndicate Ins. Co. v. Bohn et al., 8 Cir., 65 F. 165, 27 L.R.A. 614. It was no doubt the purpose of the legislature in enacting Art. 4931 to eliminate such uncertainty and make more stable the indemnity and security of the mortgagee under such a policy. The article was enacted in 1919 and is as follows:

"The interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this State shall not be invalidated by any act [or] neglect of the [mortgagor] or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void."

The statute covers two things against which an insurance company is not permitted to contract as affecting a mortgagee. They are (1) any act or neglect of the mortgagor and (2) the happening of any condition that is beyond the control of the mortgagee. It was enacted for the benefit of mortgagees and it places no burden or duty whatever upon them.

The effect of the adoption by appellant and appellees of the Standard Mortgage Clause as a part of the insurance policy was to make a new and independent contract between them so that under its provisions, appellant's interest in the insured property became secured by a separate contract, in addition to the contract existing between appellant and the mortgagor or owner of the property. Camden Fire Ins. Ass'n v. Harold E. Clayton & Co., 117 Tex. 414, 6 S.W.2d 1029. Whether or not it is valid and binding, therefore, does not depend upon the acts of the mortgagor, as contemplated by Art. 4931, but upon the acts of the mortgagee. Under its provisions appellant, as mortgagee, assumed the obligation of informing the appellees of the

commencement of any foreclosure proceedings or notice of sale or change of ownership or increase of hazard which came to its knowledge. There can be no question as to appellant's right under the law to assume that burden and responsibility as a part of the contract of insurance. It clearly obligated itself to do so and it knew of the change of ownership from Valentine to Culp at the time it was effected. Notwithstanding its knowledge of such change, it failed for a period of a year and seven months to notify appellees thereof, as it had contracted and agreed to do. This did not require a duty nor produce a condition that was beyond its control. The clause provided that its failure to comply with its obligations thereunder should render the insurance under the policy null and void as to its interest and in our opinion appellees were therefore justified in declining to pay the insurance provided by the policy.

In the agreed statement of facts, appellees acknowledged that the change of ownership from Valentine to Culp did not increase the insurance hazard and appellant contends that appellees were therefore not injured in any respect by its failure to notify them of such change and they should not be heard to urge such failure as a defense. The answer to this contention is that the question of whether or not the hazard was increased is immaterial. As we have already said, the Standard Mortgage Clause constituted a separate and independent contract between appellant and appellees which they had the right to make. Under it appellant assumed the duty of notifying appellees of any such change and this it failed to do. The clause provided that such failure should render the insurance policy null and void as to appellant's interest. The result was not dependent upon the question of whether or not such change in ownership increased the insurance hazard. New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56.

The last contention presented by appellant is that the court erred in refusing to render judgment in its favor because the appellees failed to plead that they had tendered the premium paid for the policy or had at least failed to keep good and effective the tender made before the suit was filed. The position taken by appellees was that the policy had become ineffective and void because of the failure of appellant to comply with its contractual provisions. The law is well settled that it is not necessary for an insurer to plead or make a tender or offer to return the premium in order to take advantage of a provision of a policy that it shall become void upon the happening of certain named events or the failure to perform specified contractual duties. Republic Ins. Co. v. Dickson, Tex. Civ.App., 69 S.W.2d 599; Phenix Ins. Co. of Brooklyn v. Willis et al., 70 Tex. 12, 6 S.W. 825, 8 Am.St.Rep. 566; Connecticut Mutual Life Ins. Co. v. Rudolph, 45 Tex. 454.

We have carefully examined all of the points, assignments of error, and contentions presented by appellant and, in our opinion, none of them presents reversible error. The judgment of the court below will therefore be affirmed.