July 9, 2009

The Honorable David P. Weeks
Walker County Criminal District Attorney
1036 11th Street
Huntsville, Texas 77340

Opinion No. GA-0725

Re: Whether certain reservations and assignments in deeds executed by a member of a city council operate to exclude particular property from tax increment financing under Tax Code section 312.204(d) (RQ-0777-GA)

Dear Mr. Weeks:

You inform us that in 2004, the City of Huntsville (the "City") created a tax increment financing reinvestment zone pursuant to the Tax Increment Financing Act, chapter 311 of the Tax Code.[1] You relate that an individual who was then and who is now a city council member owned approximately a seven percent undivided interest in certain real property located in the zone. *See* Brief at 1, 4. In 2008, you tell us, the council member "deeded" his interest to his children, but "reserved the net proceeds from any future sale of the property and transferred and assigned those proceeds to the City . . . to be used for the renovation, expansion and/or construction of the Public Library in memory" of a relative of the council member. *Id.* at 1. You first ask whether the reservation "operate[s] to exclude the property from tax increment financing under Tax Code section 312.204(d)," a provision in the Property Redevelopment and Tax Abatement Act. *Id.* at 2. This office does not construe particular contracts or contract provisions. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0302 (2005) at 2. However, your question can be answered by addressing the legal issue of whether a valid reservation of sale proceeds of real property conveyed retains to the grantor ownership of the property under Tax Code section 312.204(d). Thus, we answer your question generally without expressing an opinion with respect to the particular deeds or transactions about which you ask. *See id.*

The Tax Increment Financing Act, chapter 311 of the Tax Code, authorizes an eligible city to establish a qualifying area as a reinvestment zone and finance authorized projects in the zone to promote its development or redevelopment. *See* TEX. TAX CODE ANN. §§ 311.003(a), .011 (Vernon 2008). The Property Redevelopment and Tax Abatement Act, chapter 312 of the Tax Code, authorizes an eligible city to enter into a tax abatement agreement with an owner of taxable real property, or lessee of tax-exempt real property, in a reinvestment zone to exempt from taxation a

---

[1]*See* Brief attached to Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

portion of the value of the real property, tangible personal property located on the real property, or both. *See id.* § 312.204(a). A provision in the Property Redevelopment and Tax Abatement Act, section 312.204(d), excludes all real property that is owned by a member of a city's governing body not only from tax abatement under chapter 312, but also tax increment financing under the Tax Increment Financing Act, chapter 311: "[P]roperty that is in a reinvestment zone and that is owned or leased by a person who is a member of the governing body of the municipality . . . is excluded from property tax abatement or tax increment financing." *Id.* § 312.204(d); *see also id.* (excepting property subject to tax abatement or tax increment financing before the property owner becomes a member of the governing body).

Chapter 312 does not define the terms "own" and "owner" or indicate the Legislature's intent in enacting section 312.204(d). Texas courts have generally defined "owner" under the Tax Code as the person holding legal title to the property or holding an equitable right to obtain legal title to the property. *See Childress County v. State*, 92 S.W.2d 1011, 1015 (Tex. 1936); *Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 839–40 (Tex. App.—Austin 2004, no pet.); *Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497 (Tex. App.—Dallas 2001, pet. denied). Attorney General Letter Opinion 98-001 specifically construed the terms "own" and "owner" in chapter 312 to "refer to a property interest that includes at least some degree of control over the property" but not to "embrace a mere beneficial or equitable interest in property completely lacking such control." Tex. Att'y Gen. LO-98-001, at 3.

Under the general law, execution and delivery of a deed conveys to the grantee title to the transferred property. *See Stephens County Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261 (Tex. 1975). Thus, upon such execution and delivery, the grantee is vested in the property and entitled to the proceeds upon a sale of that property. *See id.* A "reservation" in a deed operates for the benefit of the grantor and generally retains in the grantor his interest to the extent provided. *See York v. Kenilworth Oil Co.*, 614 S.W.2d 468, 471 (Tex. Civ. App.—Waco 1981, writ ref'd n.r.e); *see also Cooper v. United States*, 322 F. Supp. 2d 733, 737 (E.D. Tex. 2004) ("An estate in the land less than the fee simple as well as an interest in land not amounting to an estate known to the law may be reserved.") (citing *Woodmen of the World Camp No. 1772 v. Goodman*, 193 S.W.2d 739 (Tex. Civ. App.—Dallas 1945, no writ))). We find no Texas case that addresses specifically a reservation of sale proceeds by the grantor or the validity of such an arrangement.

Assuming the validity of a reservation of the sale proceeds of the property conveyed, the issue here is whether such a reservation retains to the grantor ownership of the property for the purposes of section 312.204(d).[2] By definition, a reservation of the sale proceeds retains to the grantor only an ownership interest in the *proceeds* if and when the property is sold. Such a reservation does not by its terms retain to the grantor legal or equitable title to the property itself. *See The Peoples Gas, Light, & Coke Co. v. Harrison Cent. Appraisal Dist.*, 270 S.W.3d 208, 212 (Tex. App.—Texarkana 2008, no pet.) (discussing the several Texas decisions to date defining

---

[2]We do not believe the assignment of the proceeds is dispositive of the issues raised by your request for the reasons explained in note 3. *See infra* note 3.

"owner" under the Tax Code as the person holding legal or equitable title to the property). Nor does such a reservation retain to the grantor other elements of property ownership recognized under the common law—the right to control and dispose of the property. *See Mann v. Risinger*, 423 S.W.2d 626, 632 (Tex. Civ. App.—Beaumont 1968, writ ref'd n.r.e.) ("'Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment and disposal.'") (citation omitted); Tex. Att'y Gen. LO-98-001, at 3 (indicating that "owner" under chapter 312 might include a person with control over the disposition of property). Finally, we find no Texas authority indicating that a reservation in a deed of the sale proceeds retains to the grantor title or ownership of the property conveyed or that such a reservation constitutes a recognized interest or estate in the property. *Cf. Cooper*, 322 F. Supp. 2d at 737 ("[I]f the reservation does not reserve to the grantor a definite estate in the land, the deed may be construed as a grant of the fee simple, subject to a mere contractual right.") (citing *Emerson v. Pate*, 165 S.W. 469 (Tex. Crim. App. 1914))). Thus, while there is no Texas authority directly on point, because a reservation of the sale proceeds does not retain to the grantor legal or equitable title to the property or the right to control or dispose of the property, we conclude that such a reservation does not as a matter of law retain to the grantor ownership of the property. *Cf. Lowe v. Mich. Fire & Marine Ins. Co.*, 236 S.W.2d 168, 170 (Tex. Civ. App.—Beaumont 1950, writ ref'd) (holding that a reservation of a vendor's lien in a deed did not preclude change in ownership); *Woodmen*, 193 S.W.2d at 741 (holding that building conveyed by grantor "became property of [the grantee county] subject to reservations of deed" of the second floor for plaintiffs' use).

We recognize that an ownership interest in the sale proceeds of the property conveyed is a valuable interest, and a reservation of such an interest by the grantor appears "inconsistent with the terms and ostensible object" of a conveyance. *Baldwin v. Peet, Sims & Co.*, 22 Tex. 708, 718 (1859) (discussing fraudulent conveyances to avoid payment to creditors and indicating that deed reservations are "sustained only when they are consistent with the objects of the deed"). Additionally, a grantor who retains such an interest retains a direct pecuniary interest in transactions relating to the property, including tax increment financing.[3] However, Tax Code section 312.204(d) does not prohibit a member of a city's governing body from having any "interests" related to the property subject to tax increment financing. If the Legislature had intended to broadly prohibit any

---

[3]You appear to argue that the irrevocable assignment of the sale proceeds to the City for the improvement of a public library terminates any or all of the council member's interests. *See* Brief at 4. First, until the property is sold, the grantor arguably retains legal title to the anticipated proceeds and, thus, his interest. *Cf. Univ. of Tex. Med. Branch, v. Allan*, 777 S.W.2d 450, 453, 454 (Tex. App.—Houston [14th Dist.] 1989, no writ) (holding that an individual who had assigned her insurance benefits retained legal title to the proceeds of the insurance contract until the proceeds were paid). Second, even though the assigned proceeds are to be used for a public rather than a private purpose, arguably the council member still enjoys the benefits of his ownership of the proceeds by directing how they are used, i.e., improvement of a library in memory of a relative. "[W]here the taxpayer diverts the payment from himself to others as a means of procuring satisfaction of his economic desires, he has in effect enjoyed the fruits of his investment as though he had collected the proceeds himself." *Floyd v. Scofield*, 193 F.2d 594, 596 (5th Cir. 1952) (considering whether a corporation by assignment to its stockholders can escape taxation on the proceeds of the sale of corporate assets). Of course, once the property is sold and the proceeds paid to the City, the question of the effect of the assignment, as well as of the reservation, becomes moot.

interests, it would have made that intent plain as it has done in other statutes.[4] *See* Tex. Att'y Gen. LO-98-001, at 3.

Accordingly, we think it unlikely that a member of a governing body who in a deed conveying property reserves to himself the sale proceeds of the property, if and when the property is sold, is the owner of the property under section 312.204(d) by virtue of the reservation. Thus, a reservation of the proceeds, by itself, does not appear to operate to exclude property from tax increment financing under section 312.204(d). Given this conclusion, it is unnecessary to address your second question as to whether the entire tract or only the council member's "portion of the tract" is excluded by operation of the reservation and assignment.[5] *See* Brief at 2.

---

[4]*See, e.g.,* TEX. ALCO. BEV. CODE ANN. § 5.05(a)(3) (Vernon Supp. 2008) (prohibiting Alcoholic Beverage Commission member from having a "pecuniary interest in an alcoholic beverage business"); TEX. ELEC. CODE ANN. §§ 121.002, 122.035(d), 122.092(d) (Vernon 2003) (prohibiting Secretary of State and voting system examiners from having "a pecuniary interest in the manufacturing or marketing" of a voting system); TEX. LOC. GOV'T CODE ANN. §§ 321.027(a), 322.026(a) (Vernon 2005) (prohibiting member of a county or joint county board of park commissioners from acquiring "a direct or indirect pecuniary interest" in any park "improvements, concessions, equipment, or business"); TEX. TRANSP. CODE ANN. §§ 453.055, 457.054 (Vernon 2007) (prohibiting employees of municipal and county transit departments from having a pecuniary interest in, or receiving benefits from, agreements to which the transit departments are a party).

[5]You do not ask and we do not address the application of chapter 171 of the Local Government Code, which requires a public official having a "substantial interest . . . in real property" to abstain from participating in a vote or decision on the matter if it "will have a special economic effect on the value of the property, distinguishable from its effect on the public." *See* TEX. LOC. GOV'T CODE ANN. § 171.004(a)(2) (Vernon 2008).

### S U M M A R Y

Tax Code section 312.204(d) excludes real property owned by a member of a city's governing body from tax increment financing. It is unlikely that a city council member who in a deed conveying real property reserves to himself the sale proceeds of the property, if and when the property is sold, is the owner of the property under section 312.204(d) by virtue of the reservation. Thus, such a reservation does not by itself appear to operate to exclude property from tax increment financing under section 312.204(d).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee